The order below is hereby signed.

Signed: February 19 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE:

Rebecca M Jones, DEBTOR                    CASE NO. 17-00011-SMT

                                                                      TRIAL DATE: January 30, 2020

Rebecca A. Herr, TRUSTEE                   CHAPTER 13

## AGREED ORDER AND STIPULATION MODIFYING AUTOMATIC STAY

      The Movant, U.S. Bank Trust National Association, as Trustee of the Bungalow Series III Trust, Movant (BSI Financial Services, INC.), Servicer by its attorney, Richard Painter, Esq., and the Debtors, Rebecca M Jones by their attorney, Kevin D. Judd, do hereby consent to the following:

      1.     The Automatic Stay of 11 U.S.C. §362 and 11 U.S.C. §1301 (if applicable) are hereby terminated.  Movant agrees to forbear provided Debtor(s) comply(ies) with the terms of this Order.

      2.     The Debtor shall cure the post-petition arrears due of approximately <u>$7,627.42,</u> which include: payments in the amount of $898.35 for the months of June 2019 through November 2019, $710.12 for the months of December 2019 through January 2020, a suspense balance in the amount of $213.92 and current bankruptcy fees and costs in the amount of $1,031.00.  The Debtor shall cure the post-petition arrears by filing an amended chapter 13 plan to provide for payment of the same. The amended chapter 13 plan shall be filed with the court no later than March 15, 2020. The amended chapter 13 plan must be approved by the court no later than May 15, 2020. The debtor agrees that the Movant may file an amended proof of claim to include the aforementioned post-petition arrears**.**  Note:  Should the Debtors provide sufficient proof of payments made but not yet credited by Movant, the above arrears will be adjusted accordingly.

18-803375

3. Commencing, in **February 2020** the Debtor shall resume making the regular monthly payments of $710.12, or as adjusted for interest rate or escrow changes and shall continue to be bound by all other provisions in the Note and Deed of Trust. The regular payments are due on the 1st day of the month with a late charge assessed after the 15th.

4. All payments tendered in accordance with this Order should be sent directly to U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES III TRUST, Movant at 314 S Franklin St. P.O. Box 517, Titusville, Pennsylvania, 16354.

5. Should the Debtor(s) default under Paragraph 2 or 3 herein, or should any payment be returned for insufficient funds, the Movant may file with the court and mail to the Debtor(s) and Debtor(s) attorney a Notice of Default and Notice of Termination of Automatic Stay. Should the Debtor(s) then fail to cure the default including any amounts which have become due between the execution of the Notice and the expiration of the cure period, within ten (10) days from the date of the filing of the Notice, and/or should the Debtor(s) fail to file an opposition to the Default Notice pursuant to Bankruptcy Rule 4001(a)(3), the forbearance shall terminate without further court action and without further court order. Should the Debtor(s) file an Objection, Response or Motion to Strike the Notice of Default, the Debtor(s) shall bear the burden of proof as to the inaccuracy of the Notice. **Any payment(s) tendered to cure a default arising under the provisions of this consent agreement must be in the form of certified or cashier's check or money orders.** Acceptance of a partial payment shall not be deemed to be a waiver of the termination of the forbearance as provided herein. If the Debtor(s) fail to cure the default noted, the Noteholder may proceed to enforce its rights, including but not limited to foreclosure, under the provisions of the Deed of Trust recorded among the land records of the District of Columbia, as Instrument Number 2003021465 and which is secured by the property of the Debtor(s) located at **645 L Street NE, Washington, D.C. 20002**. The additional stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived.

6. Should there be more than two (2) defaults in payment as provided in this agreement, there shall be no ten day "cure period"; the Movant shall file the Notice of Default with the court and mail copies to the Debtor(s) and Debtor(s') attorney and the forbearance shall be terminated at the filing thereof without any further Court Order. Movant may proceed with collection and/or foreclosure actions immediately.

7. This agreement shall be and become null and void on the termination of this bankruptcy proceeding. Should the Debtor(s) convert to a Chapter 7 proceeding, the forbearance shall be immediately terminated and the repayment provisions herein shall be and become null and void. This agreement shall apply to proceedings for possession of the real property after the foreclosure sale and shall apply to successors and/or assigns of Movant.

8. The Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement and/or loan modification or other loan workout/loss mitigation agreement which does not otherwise require court approval. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

18-803375

SEEN AND APPROVED:
/s/ Richard Painter, Esq. (rdp)
Richard Painter, Esq.
Attorney for Movant
Bar No. 230908
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
301-490-1196

/s/ Kevin D. Judd
Kevin D. Judd
Attorney for Debtor
601 Pennsylvania Avenue, NW
Suite 900 - South Building
Washington, DC 20004
202-483-6070

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

/s/ Richard Painter, Esq.

Copies to:

Rebecca M Jones
645 L Street, NE
Washington, D.C.  20002

Copies were sent electronically thru the CM/ECF system to Kevin D. Judd, Attorney for Debtor and Rebecca A. Herr, Chapter 13 Trustee.

**End of Order**

18-803375